IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN J. MARTIN and DAREN MARTIN, | : |
| Plaintiffs, | : **CONSOLIDATED** |
| v. | : Civ. Action No. 13-1977-LPS |
| DET. THOMAS LAMON, et al., | : |
| Defendants. | : |

John J. Martin and Daren Martin, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiffs.

## MEMORANDUM OPINION

August 11, 2014
Wilmington, Delaware

[signature] Ler P. R

**STARK, U.S. District Judge:**

## I. INTRODUCTION

Plaintiffs John J. Martin ("J. Martin") and Daren Martin ("D. Martin") (together "Plaintiffs"), who are pretrial detainees at the James T. Vaughn Correctional Center ("VCC") in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983 alleging violations of their constitutional rights.[1] They appear *pro se* and have been granted leave to proceed *in forma pauperis*. (D.I. 5) The Court proceeds to review and screen the consolidated Complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

## II. BACKGROUND

On May 2, 2013, Defendants Thomas Lamon ("Lamon") and Jason Vernon ("Vernon"), both detectives, completed an application and affidavit of probable cause to obtain a search warrant to search a residence located in Magnolia, Delaware. Defendant Cathleen Hutchison ("Judge Hutchison"), a judge on the Justice of the Peace Court, granted the application. Plaintiffs allege that Defendants made false statements in order to obtain the search warrant. Plaintiffs further allege that the application and affidavit relied upon uncorroborated information and did not contain complete information. They further contend that the search violated their rights under the Fourth and Fourteenth Amendments of the United States Constitution. They seek compensation for their illegal detention and to have "all charges dropped."

---

[1]Pursuant to 42 U.S.C. § 1983, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

1

## III. LEGAL STANDARDS

The Court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiffs proceed *pro se*, their pleading is liberally construed and their Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (internal quotation marks omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(l), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(l) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a

2

plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court must take three steps:

"(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

### A. Judicial Immunity

Plaintiffs allege that Judge Hutchison violated their constitutional rights when she granted the application for the search warrant at issue. "A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009) (internal quotation marks omitted). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted 'in the clear absence of all jurisdiction.'" *Id.* (citations omitted).

3

Here the Complaint contains no allegations that Judge Hutchison acted outside the scope of her judicial capacity, or in the absence of her jurisdiction. Therefore, the Court will dismiss the claim against Judge Hutchison as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### B. Search Warrant

Because Plaintiffs' remaining claims of an invalid search warrant may imply that their potential conviction on their pending criminal charges is invalid, the claims must be stayed pending resolution of those charges. *See Wallace v. Kato*, 549 U.S. 384, 394 (2007). The Court will stay this case with respect to the search warrant claims, and will defer reaching the merits of these claims – and the threshold question of whether such claims are barred – by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994),[2] until the disposition of Plaintiffs' criminal charges in State Court.

## V. CONCLUSION

For the above reasons, the claims against Judge Hutchison will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1) and the search warrant claims against Lamon and Vernon will be stayed until resolution of the criminal charges pending against Plaintiffs in State Court.

An appropriate Order follows.

---

[2]In *Heck*, the Supreme Court held that where success in a § 1983 action would implicitly call into question the validity of a conviction or the duration of a sentence, a plaintiff must first achieve favorable termination of his available state or federal habeas remedies to challenge the underlying conviction or sentence.

4